*1044 Memorandum. The order of the Appellate Division should be affirmed, with costs.
Appellants, bearing the concededly heavy burden of establishing the invalidity of the special assessment against their properties, essentially advance but a single contention on this appeal—that the municipal parking facility constructed by the Village of Scarsdale was of no special benefit to their properties as a matter of law. We reject this contention.
Petitioners-appellants are the owners of properties now used for commercial parking lots and the retail sale of gasoline, all located within the benefit district, an area comprising substantially all the commercial properties in the business district adjacent to the village railroad station. The village board of trustees determined that the properties assessed would be benefited by the construction of a parking garage, in the immediate vicinity of the station, to provide spaces for approximately 500 automobiles. This determination was made only after investigation and deliberate consideration over several years of reports, surveys and analyses of the project prepared and conducted at the instance and on behalf of the board, supplemented by the peculiar knowledge of local conditions possessed by the individual board members. All related to the desirability of more adequate parking facilities in the business district close by the railroad station; most laid emphasis on the advantages which would accrue to the business district itself if additional provision were made for short-term parking in the area. Recognition was given to the historical shortage of parking space and to the needs for worker parking, shopper parking, and client and patient parking. The board made express findings that the property within the assessment district would be particularly benefited by the improvement.
It does not follow, because (as Special Term found and as appellants urge but as was questioned at the Appellate Division) the primary purpose of the new garage was to provide parking for commuter convenience, that appellants’ properties did not receive a concomitant if perhaps secondary but significant special benefit. New parking spaces would be created and existing short-term public parking would be opened up. The attraction of more parkers of whatever character, including commuters, could scarcely be said to be a disadvantage.
Nor would it be determinative that, as appears to have been the case, with the advent of more parking, receipts from rental of appellants’ commercial parking lots fell off. The *1045 value of their properties for other commercial uses, after taking into account zoning requirements that off-street parking be provided, could certainly be expected to be enhanced by the availability and convenience of substantially more public parking accommodations.
In short, we cannot conclude, as a matter of law, that appellants’ properties were not benefited by the construction of the new municipal garage to a significantly greater extent than was the Village of Scarsdale as a whole.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.